## WOOD & CO. v. RUSSELL et al.

No. 13893—Opinion Filed April 1, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

### 1. Statutes—Partial Invalidity.

The question as to whether portions of a statute, which are constitutional, shall be upheld while other divisible portions are eliminated, as unconstitutional, is primarily one of intention. If the objectionable parts of a statute are severable from the rest in such a way that the Legislature would be presumed to have enacted the valid portion without the invalid, the failure of the latter will not necessarily render the entire statute invalid, but the statute may be enforced as to those portions of it which are constitutional.

### 2. Same—Corporation License Tax.

Sections 9945 to 9955, Comp. Stat. 1921, providing for the payment of a corporation license tax, are not rendered invalid because of the unconstitutionality of sections 9909 to 9811, providing for the collection of a gross revenue tax.

### 3. Same — Liability of Domestic Corporations.

The fact that the license tax law has been held invalid as to certain foreign corporations, which were granted authority to do business in the Indian Territory prior to statehood, and continued to do business in the state, after the enactment of the license tax law in 1910, does not render the statute invalid as to the license tax on domestic corporations.

### 4. Same—Constitutional and Statutory Provisions.

Section 9947, Comp. Stat. 1921, providing that: "Each domestic corporation shall pay a license fee of fifty cents for each one thousand dollars of its authorized capital stock, or less, and each foreign corporation shall pay a license fee of one dollar for each one thousand dollars of its capital stock employed in its business in this state" is not violative of section 44, article 9, of the Constitution, which provides: "No foreign corporation shall be authorized to carry on in this state any business, which a domestic corporation is prohibited from doing, or be relieved from compliance with any of the requirements made by a similar domestic corporation by the Constitution, or laws, of the state." The license tax imposed by the state under section 9947, Comp. Stat. 1921, is a condition imposed on the right of corporations, both foreign and domestic to exercise the corporate faculty in the state, and section 44, art. 9, supra, is not applicable thereto, as it applies to laws affecting the carrying on of the business of corporations, after they have complied with the terms imposed by statute, on which they may exercise the corporate faculty.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Wood & Company against Campbell Russell and others, members of Corporation Commission, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lydick, Hood & Freeling, for plaintiff in error.

George F. Short, Atty. Gen., and C. W. King, and Leon S. Hirsh, Asst. Attys. Gen., for defendants in error.

COCHRAN, J. Wood & Company, a domestic corporation, commenced this action to enjoin the collection of the corporation license tax provided for by sections 9946 to 9955, inclusive, Comp. Stat. 1921.

It is contended that section 9809 to section 9811, inclusive, Comp. Stat. 1921, which provided for the collection of gross revenue tax from certain public service corporations, should be considered with sections 9946 to 9955, inclusive, which provide for the payment of a license tax by corporations. That the gross revenue tax law and the license tax law were both enacted by the Legislature of 1910, and became effective on the

same day; and the one was intended by the Legislature as the complement of the other; that the gross revenue tax on public service corporations was in lieu of the corporation license tax imposed on other corporations. It is further contended that, since the gross revenue tax law was held invalid as to non-resident corporations in the case of Leo Meyer v. Wells Fargo Express Co., 56 L. Ed. (U. S.) 445, and as to domestic corporations in Comanche Light & Power Co. v. Nix, 53 Okla. 220, 156 Pac. 293, the license tax law should also be held invalid on the theory that where a part of an act is held invalid, another portion of the statute will be held invalid, if it appears that the same is so dependent on the invalid portion as to warrant the belief that the Legislature intended them to take effect in their entirety, and that the enforcement of such portion would cause results not contemplated or intended by the Legislature. This court announced the rule to be followed in construing statutory provisions of this character in Comanche Light & Power Co. v. Nix, 53 Okla. 220, 156 Pac. 293, in which it said:

"The question as to whether portions of a statute which are constitutional shall be upheld while other divisible portions are eliminated as unconstitutional is primarily one of intention. If the objectionable parts of a statute are severable from the rest in such a way that the Legislature would be presumed to have enacted the valid portion without the invalid, the failure of the latter will not necessarily render the entire statute invalid, but the statute may be enforced as to those portions of it which are constitutional. If, however, the constitutional and the unconstitutional portions are so dependent on each other as to warrant belief that the Legislature intended them to take effect in their entirety, it follows that, if the whole cannot be carried into effect, it will be presumed that the Legislature would not have passed the residue independently, and, accordingly the entire statute is invalid."

We do not think that the gross revenue statute and the license tax statute should be construed as inseparable provisions of a law enacted by the Legislature with the intention that the validity of one should depend in any manner upon the validity of the other. It is true that the corporations which were subjected to the gross revenue tax were excluded from the license tax, and the Legislature, doubtless, considered the fact that such corporations would pay a gross revenue tax in exempting them from paying the license tax, but it does not follow that the Legislature intended that the license

tax law should depend in any manner upon the validity of the gross revenue statute, or that it would not have imposed a license tax upon the corporations which are subject to its provisions had it been cognizant of the invalidity of the gross revenue statute. The two laws were passed by the same Legislature and became effective on the same day, but each was a separate and independent bill, and these laws were only two of a number of tax measures passed by the same Legislature. It is apparent to us that the Legislature did not intend that either of the tax measures should be dependent upon any other tax measure passed by the same Legislature. We, therefore, hold that plaintiff's first contention is without merit.

It is next contended that as the corporation license tax law has been held invalid as to certain foreign corporations, the law should fail and be held invalid as to domestic corporations on the theory that the Legislature would not have passed the act had it been cognizant of the invalidity of such act as applied to certain foreign corporations. In Leecraft v. Texas Company, 281 Fed. 918, it was held that the license tax law was invalid as to corporations authorized to do business in the Indian Territory prior to statehood and which thereafter continued to do business and acquire property in the state of Oklahoma from statehood to the enactment of the law in 1910. The plaintiff contends that, as this statute cannot be applied to certain foreign corporations under the foregoing decision, the provision of the act relating to domestic corporations was thereby rendered invalid; that, if the Legislature had known that the provisions of the act relating to certain foreign corporations was invalid, the law would not have been passed. The principle of law contended for by the plaintiff is sound, but we cannot agree with the application of that law to the facts in the instant case. The decision referred to applies to only a small number of corporations and does not deprive the state of the right to tax such foreign corporations in the same manner as domestic corporations. The invalidity of this statute, as to such corporations, does not destroy the purpose of the statute or render the same inoperative. Instead of saying that the Legislature would not have enacted a law levying a license tax on domestic corporations and foreign corporations entering the state after its enactment, had it known of the invalidity of the act as applied to certain corporations which entered the state prior to the enactment, it is more reasonable to believe that the Legislature would have

enacted the law in its present form as to domestic corporations, and all foreign corporations, except class affected by the decision referred to, and, as to such last-mentioned corporations, would have placed them on the same footing as domestic corporations.

It is next insisted that the statute is violative of section 44, art. 9, of the state Constitution; that the burden of taxation placed upon the domestic corporation is not the same as that placed upon foreign corporations similarly situated. Section 44, art. 9, of the state Constitution is as follows:

"No foreign corporation shall be authorized to carry on in this state any business which a domestic corporation is prohibited from doing, or be relieved from compliance with any of the requirements made of a similar domestic corporation by the Constitution or laws of the state. Nothing in this article, however, shall restrict or limit the power of the Legislature to impose conditions under which foreign corporations may be licensed to do business in this state."

Under the terms of section 9947, Comp. Stat. 1921, it is provided that:

"Each domestic corporation shall pay a license fee of 50 cents for each $1,000 of its authorized capital stock or less, and each foreign corporation shall pay a license fee of one dollar for each $1,000 of its capital stock employed in its business in this state."

The plaintiff illustrates its contention by assuming that a foreign corporation doing business in this state has the sum of $20,000 invested in such business in the state, although capitalized for $100,000. Such corporation would be compelled to pay a corporation license tax of $20 for the reason that, under the provisions of the statute, such foreign corporation is required to pay a license fee of one dollar for each $1,000 of its capital stock employed in its business done in this state. A domestic corporation capitalized at $100,000 but only $20,000 of its stock having been sold and invested in its business, would be required to pay a license tax of $50, as its tax would be 50 cents for each $1,000 of its authorized capital stock. The plaintiff contends that this is a discrimination in favor of the foreign corporations and is violative of the Constitution. The license tax imposed by the state

is a condition imposed by the state upon the right of corporations, both foreign and domestic, to do business in this state. It is well settled that the state has authority to impose terms on which corporations may exercise their corporate faculty in this state. Paul v. Com. of Virginia, 8 Wall. 168; Ducat v. City of Chicago, 10 Wall. 410; Comm. v. Milton, 54 Am. Dec. 522; Silver Mining Co. v. Com. of Pa., 125 U. S. 183, 31 L. Ed. 650. In Commonwealth v. Milton, supra, the court said:

"The state, having the undoubted right to impose conditions upon the acquisition and exercise of corporate rights created by its own laws, must have a similar right with respect to foreign corporations, and as it can discriminate between its own corporations in prescribing the terms of their creation, so can it discriminate between its own and foreign corporations in prescribing the terms in which the latter may be permitted to exercise their corporate faculty and acquire rights within its territory."

The license tax under consideration is a condition imposed upon corporations to exercise their corporate faculty in this state, and section 44, art. 9, of the Constitution has no application thereto, but only applies to laws affecting the carrying on of the business after they have complied with the terms imposed by statute on which they may exercise the corporate faculty. The constitutional provision under consideration is an inhibition against the grant of powers and privileges to foreign corporations doing business in the state which are not granted to similar domestic corporations doing business in the state, but not an inhibition against the imposition of conditions under which foreign corporations may be licensed to do business in the state. This section of the Constitution, by express terms, authorizes the Legislature to impose conditions on which foreign corporations may be licensed to do business in the state. The Legislature has the same power to impose terms on domestic corporations seeking to do business in the state. The fact that the conditions imposed upon the domestic corporations and foreign corporations are not the same does not render the statute invalid. For the reasons stated, the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.