INDIANAPOLIS BREWING CO. *v.* LIQUOR CONTROL COMMISSION ET AL.

No. 130. Argued December 7, 1938.—Decided January 3, 1939.

*Messrs. Thomas F. O'Mara* and *Herbert J. Patrick* for appellant.

*Mr. Raymond W. Starr,* Attorney General of Michigan, with whom *Mr. George H. Heideman,* Assistant Attorney General, was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Indianapolis Brewing Company, Inc., an Indiana corporation, manufactures beer in that State. Under appropriate licenses it has for some years sold and shipped to dealers in Michigan its product in interstate commerce. In July, 1937, the Michigan Liquor Control Act was amended so as to prohibit Michigan dealers in beer from selling any beer manufactured in a state which by its laws discriminates against Michigan beer. By § 40 of the amended Act, the Michigan Commission is directed to declare what states discriminate as that term is defined by the Act.[1] It named ten states.[2] Among these is In-

---

[1] Amended § 40 of Michigan Act No. 281. Public Acts of 1937, p. 509, provides: ". . . The commission shall forthwith adopt a regulation designating the states, the laws, or the rules or regulations of which are found to require a licensed wholesaler of beer therein to pay an additional fee for the right to purchase, import, or sell beer manufactured in this state; or which deny the issuance of a license authorizing the importation of beer to any duly licensed wholesaler of beer therein who may make application for such license; . . . the regulation adopted shall prohibit all licensees from purchasing, receiving, possessing, or selling any beer manufactured in any state therein designated, said regulation to become effective ninety days after its adoption. Any licensee or person adversely affected shall be entitled to review by certiorari to the proper court the question as to whether the commission has acted illegally or in excess of authority in making its finding with respect to any state."

[2] The regulation of the Liquor Control Commission issued December 14, 1937, is as follows: "Pursuant to Act No. 8, Public Acts, Extra Session of the year 1933 of the State of Michigan, as amended by Act No. 241 of the Public Acts for the year 1935, and Act No.

diana, which by its Liquor Control Act of 1935, as amended in 1937, prohibits licensed Indiana wholesalers from importing any beer which is not their absolute property; and requires that in order to secure the privilege of importing beer from other states each must obtain a "port of entry" permit, of which no fewer than ten and no more than one hundred are to be granted, pay a license fee of $1500 and give a bond of $10,000, in addition to the license fee and bond required of those who sell only Indiana beer.[3]

The Indianapolis Company, suing on behalf of itself and others similarly situated, brought, in the federal court for eastern Michigan, this suit to enjoin the enforcement of that provision of the Michigan law on the ground that it violates the Federal Constitution. The members of the Michigan Liquor Control Commission and other officers of the State were made defendants. As a temporary, as well as a permanent, injunction was sought, a three-judge court was convened to hear the application for a temporary injunction. Defendants moved to dismiss the bill. It was conceded that if the law was unconstitutional the plaintiff was entitled to equitable relief. No question except that of the constitutionality of the law was presented. The court held the law valid; denied the temporary injunction; and dismissed the bill. 21 F. Supp. 969.

---

281 of the Public Acts for the year 1937, particularly Section 40 thereof, the Michigan Liquor Control Commission promulgates the following rule and regulation designating as discriminatory according to Section 40 of said Act the following States: Maine, Maryland, Nevada, Indiana, New Hampshire, North Carolina, Pennsylvania, Tennessee, Vermont, Washington. These designations are made after a careful examination of the laws and rules and regulations of the aforementioned states."

[3] Indiana Alcoholic Beverage Act of 1935, c. 226, amended by Act of 1937, c. 197, §§ 9, 40 (a), 41, Burns Revised Statutes 1933, Supp., §§ 12–508, 12–801, 12–901.

The plaintiff contends that although the Twenty-first Amendment declares:

"The transportation or importation into any State, Territory or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited"

the Michigan law should be held void as violating the commerce clause and the due process and equal protection clauses of the Fourteenth Amendment. It characterizes the law as "retaliatory"; argues, among other things, that the Amendment may not be interpreted as permitting retaliation; and insists that such interpretation would defeat its purpose, as thereby Michigan would be allowed to punish Indiana for doing what, under the rule applied in *State Board of Equalization* v. *Young's Market Co.*, 299 U. S. 59, 63, is permitted. Whether the Michigan law should not more properly be described as a protective measure, we have no occasion to consider. For whatever its character, the law is valid. Since the Twenty-first Amendment, as held in the *Young* case, the right of a state to prohibit or regulate the importation of intoxicating liquor is not limited by the commerce clause; and, as held by that case and *Mahoney* v. *Joseph Triner Corp.*, 304 U. S. 401, discrimination between domestic and imported intoxicating liquors, or between imported intoxicating liquors, is not prohibited by the equal protection clause. The further claim that the law violates the due process clause is also unfounded. The substantive power of the State to prevent the sale of intoxicating liquor is undoubted. *Mugler* v. *Kansas*, 123 U. S. 623.

*Affirmed.*