JOSEPH S. FINCH & CO. ET AL. *v.* McKITTRICK,
ATTORNEY GENERAL, ET AL.*

No. 252. Argued December 7, 1938.—Decided January 3, 1939.

*Mr. Thomas Kiernan,* with whom *Messrs. Joseph M. Hartfield, Noel T. Dowling, James P. Aylward,* and *Terence M. O'Brien* were on the brief, for appellants.

*Mr. Edward H. Miller,* Assistant Attorney General of Missouri, with whom *Mr. Roy McKittrick,* Attorney General, was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The State of Missouri approved April 8, 1937,[1] an Act, sometimes called the Missouri Anti-Discrimination Act,

---

*Together with No. 253, *Ben Burk, Inc.* v. *McKittrick et al.;* No. 254, *Joseph E. Seagram & Sons, Inc. et al.* v. *McKittrick et al.;* No. 255, *Hinrichs Distilled Products* v. *McKittrick et al.;* and No. 256, *Arrow Distilleries, Inc.* v. *McKittrick et al.,* all on appeals from the District Court of the United States for the Western District of Missouri.

[1] Laws of Missouri 1937, pp. 536–543.

sometimes the Missouri Retaliation Act. It provides in § 4:

"The transportation or importation into this state, or the purchase, sale, receipt or possession herein, by any licensee, of any alcoholic liquor manufactured in a 'state in which discrimination exists' is hereby prohibited, and it shall be unlawful for any licensee to transport or import into this state, or to purchase, receive, possess or sell in this state, any alcoholic liquor manufactured in any 'state in which discrimination exists' as herein defined."

The statute defines what exactions, prohibitions and restrictions imposed by laws of the several states shall be deemed "discriminations" imposed upon the importation into the several states of alcoholic liquor manufactured in Missouri; requires the Attorney General to determine whether there exists therein any such discrimination; and, if he find any such discriminatory law, to specify the same in a certificate to be filed with the Supervisor of Liquor Control. The Supervisor is directed to publish notice of the certificates and to advise all licensees that it will be unlawful to import into Missouri or to purchase, receive, sell or possess in Missouri any liquor manufactured in a discriminating state. Pursuant to these provisions, the Attorney General filed, in October, 1937, certificates with the Supervisor declaring that the States of Indiana, Pennsylvania, Michigan and Massachusetts are "states in which discriminations existed" as defined by the Missouri statute.

To enjoin enforcement of this provision of the Missouri statute, these five suits were brought, in the federal court for the western district of the state, against the Attorney General and the Supervisor of Liquor Control. Each bill charges that the provision violates the commerce clause of the Federal Constitution and the equal protection

clause of the Fourteenth Amendment.[2] In four of the cases the bill alleges that the plaintiff is a citizen of a state other than Missouri; that it manufactures liquor in one of the states certified as "discriminating"; that it holds a non-resident Missouri permit under which it imports and sells in Missouri a part of its products; and that it would be irreparably injured if the provision of the Missouri statutes were enforced. The fifth case differs only in that the bill alleges that the plaintiff is a citizen of Missouri engaged there in the rectifying and bottling business for which it imports liquor manufactured in a state certified as "discriminating." As both a temporary and a permanent injunction was sought in each case, each was assigned for hearing before a three-judge court. In each the defendants moved to dismiss the bill. Later, the cases were consolidated for hearing and review; and it was agreed that when the court heard the application for the temporary injunction it should finally determine the causes. The District Court denied the applications for a temporary and a permanent injunction and dismissed the bill in each case. 23 F. Supp. 244. But the temporary restraining orders issued upon the filing of the bills were continued until the final determination of the appeals to this Court.

The claim of unconstitutionality is rested, in this Court, substantially on the contention that the statute violates the commerce clause.[3] It is urged that the Missouri law does not relate to protection of the health, safety and morality, or the promotion of their social wel-

---

[2] The bill also alleged that the provision violated the due process clause of the Fourteenth Amendment, the contract clause and the privileges and immunities clause.

[3] The arguments in appellant's brief are confined to the commerce clause. The statement of points to be relied upon includes all the contentions of the bill.

fare, but is merely an economic weapon of retaliation; and that, hence, the Twenty-first Amendment should not be interpreted as granting power to enact it. Since that amendment, the right of a State to prohibit or regulate the importation of intoxicating liquor is not limited by the commerce clause. As was said in *State Board of Equalization* v. *Young's Market Co.*, 299 U. S. 59, 62, "The words used are apt to confer upon the State the power to forbid all importations which do not comply with the conditions which it prescribes." To limit the power of the states as urged "would involve not a construction of the Amendment, but a rewriting of it." See also *Mahoney* v. *Joseph Triner Corp.*, 304 U. S. 401; *Indianapolis Brewing Co.* v. *Liquor Control Comm'n, ante,* p. 391.

*Affirmed.*