## BERTELSEN v. COONEY.
### No. 14804.

United States Court of Appeals,
Fifth Circuit.
May 20, 1954.

Richard James Stevens, Chicago, Ill., Harvey L. Hardy, San Antonio, Tex., Irwin J. Askow, Chicago, Ill., for William R. Bertelsen, appellant.

Charles F. Herring, U. S. Atty., Austin, Tex., Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., Holvey Williams, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

Appellant, a graduate medical doctor, when 33 years old was drafted into the United States Army in an enlisted status, in which he is now serving. He was offered a commission both before and after induction, but declined.

As petitioner below, he sought, but was refused, discharge by habeas corpus, claiming that Public Law 779, § 4(i) (2), 81st Congress, Second Session, 64 Stat. 826, 50 U.S.C.A.Appendix, § 454(i) (2), under which he was drafted, is invalid.

The Act, now an amendment of the Universal Military Training Act, authorizes the President, subject to certain limitations, to require special registration for military duty of doctors, dentists, "and allied specialist categories", § 4(i)(1), who have not reached the age of 50 years, and to make special calls for the induction of such persons into the armed services. It was through this process that appellant was inducted.

Appellant asserts that the Act is invalid (1) because it is designed, not really to draft doctors, but to coerce them into entering the service by suspending over their heads a legislative sword of Damocles, imposing upon them the choice of either voluntarily entering the service as a commissioned officer or being drafted in an enlisted status; (2) because these doctors are not needed for present use, but to create a "pool" of doctors for possible future needs; (3) because these doctors are not needed to care for military personnel, but are largely used to care for civilian employees and dependents of military personnel; (4) because there are already sufficient doctors and dentists in the Medical Reserve Corps to care for military personnel; (5) because the war powers of Congress are proportionate to the necessity for their exercise, and that they are here exercised in excess of such necessities; (6) because the Act is "arbitrary, unreasonable and unnecessary" in its provisions and enforcement to such an extent as to deny appellant due process under the Fifth Amendment; and finally, (7) that the Act imposes involuntary servitude, contrary to the Thirteenth Amendment.

The foregoing grounds of attack, save only the last three, relate to the wisdom and policy of the Act, with which the courts are not concerned. In determining the validity of legislation, courts deal only with Congressional power. If Congress possesses the power to pass the Act, then whether the legislation is wise or unwise, fair or unfair, necessary or unnecessary, is for legislative, not judicial determination. Polish Nat. Alliance v. N. L. R. B., 322 U.S. 643, 64 S.Ct. 1196, 88 L.Ed. 1509; Day-Brite Lighting, Inc., v. State of Missouri, 342 U.S. 421, 72 S.Ct. 405, 96 L.Ed. 469; Indianapolis Brewing Co. v. Liquor Control Commission, D.C., 21 F. Supp. 969, affirmed 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243.

Petitioner concedes, as indeed he must in the light of the adjudicated cases, that under Art. 1, sec. 8, of the

Constitution, Congress has the power to raise and support armies, to maintain a Navy, and to draft personnel for service therein. This power exists in peace time as well as in war. The power is plenary. It is not for the judiciary to review the legislative branch on the question of what military strength is necessary for the safety of the Nation, nor how the forces shall be raised, nor of what elements they shall be composed. These matters are confided to Congress and its agencies. United States ex rel. Goodman v. Hearn, 5 Cir., 153 F.2d 186; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; United States v. Henderson, 7 Cir., 180 F.2d 711; United States v. Cornell, D.C., 36 F.Supp. 81; Warren v. United States, 10 Cir., 177 F.2d 596; Bronemann v. United States, 8 Cir., 138 F.2d 333.

■ The remaining constitutional barriers asserted by appellant, and judicially cognizable, are that the Act contravenes the Fifth and Thirteenth Amendments. Appellant claims that by this method of involuntary induction of doctors, not applied to other professions, he is subjected to inequality of treatment which amounts to a denial of due process. It has frequently been held that the equal protection clause of the Fourteenth Amendment does not preclude classification for the purpose of legislation even though some groups be differently affected from others. So long as the classification is reasonable, not arbitrary, and rests upon some logical ground of difference, having a fair and substantial relation to the object of the legislation, it does not offend against equal protection. Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772; Asbury Hospital v. Cass County, 326 U.S. 207, 66 S.Ct. 61, 90 L.Ed. 6; Kotch v. Board, etc., 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093. But appellant is entitled to no relief under the Fourteenth Amendment because that amendment operates only against the States, while his detention for military duty is by Federal authority.

■ Neither is appellant entitled to any relief under the Fifth Amendment because, unlike the Fourteenth Amendment, the Fifth contains no equal protection clause. In order to invoke the Fifth Amendment to secure relief against inequality, appellant must show that the inequality practiced against him has been so flagrant as to amount to a denial of due process, and this he has not done. Hirabayshi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263; Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304; Bolling v. C. Sharpe, 74 S.Ct. 693.

■ The Act extends to all doctors and dentists under the age of 50, and to "allied specialist categories", which by the express terms of the Act includes, but is not limited to, veterinarians, optometrists, pharmacists and osteopaths, imposing upon them all alike the obligation of military service when called by the President under the terms of the Act. In our opinion such a classification satisfies the requirements of the Fifth Amendment.

■ Appellant's last contention that the Act amounts to involuntary servitude stands no better than the others. Every person is subject to be called for military duty in the public safety. It is for Congress to say when, who, to what extent, and how they shall be selected. Warren v. United States, 10 Cir., 177 F.2d 596. There is nothing unique in the obligation to serve. It is quite analogous to, but much more vital, than other obligations to serve in the public interest, such as the requirement imposed in many places upon able-bodied persons to serve a specified number of days each year in labor upon the public highways, failure being punishable as a crime, which has been held valid.

The Thirteenth Amendment abolished slavery and involuntary servitude, except

as a punishment for crime, but it was never intended to limit the war powers of Congress nor its right to exact public service from all when necessary to meet the public need, Congress being the sole judge of the necessity and extent thereof. Heflin v. Sanford, 5 Cir., 142 F.2d 798. Congress is expressly authorized to declare war and to provide for the common defense. These powers necessarily carry with them the power to say who shall serve in the armed forces, and in what circumstances.

The Act clearly satisfies the requirements of due process. U. S. ex rel. Goodman v. Hearn, 5 Cir., 153 F.2d 186.

Affirmed.