## W. & L. Sales Co., Inc., v. Kerwin

478

*Shelley, Reynolds & Lipsitt*, for plaintiffs.

*Herbert B. Cohen*, Attorney General, and *Horace A. Segelbaum*, for defendants.

RICHARDS, P. J., August 18, 1956.—The State of Ohio does not permit the sale within its boundaries of beer in containers of less than 12 ounces. It does permit the manufacture and export of beer in seven-ounce containers. Plaintiffs had been importing beer from Ohio in seven-ounce containers. Then the Liquor Control Board of Pennsylvania, hereinafter referred to as the board, issued an order prohibiting the importation of beer into Pennsylvania from the State of Ohio, in less than 12-ounce containers, whereupon plaintiffs filed their bill of complaint in which they seek to restrain the board from enforcing this order. An answer was filed, together with a stipulation of facts. After argument, the case was submitted to the chancellor for decision.

The facts are not in dispute. We adopt as findings of fact by the court the facts set forth in the stipulation and incorporate them herein by way of reference.

### Discussion

We are here dealing with the Liquor Code of April 12, 1951, P. L. 90, 47 PS §1-101 et seq. The act and the rules and regulations issued by the board do

not prohibit the manufacture or sale of beer in containers of seven ounces, except as affected by section 444 of the Liquor Code. Rather than quote the relevant portion of this section, we shall paraphrase it.

Section 444(a): The board shall require foreign vendors and Pennsylvania licensees to observe and comply with the same regulations, prohibitions and restrictions as are required or enforced against Pennsylvania licenses desiring to sell beer manufactured in Pennsylvania in such foreign State.

This means that restrictions on Pennsylvania vendors selling in Ohio must be applied to Ohio vendors selling in Pennsylvania.

Section 444(b): When the board has issued a reciprocal regulation concerning a beverage manufactured in another State, no Pennsylvania licensee shall purchase any such beverages if their importation has been prohibited.

It will be observed that these statutory provisions are mandatory.

The complaint charges that the prohibitory order is illegal, null and void and, in effect, that it violates due process. We cannot see that it raises the question of unlawful delegation of legislative power in violation of article II, sec. 1 of the Constitution. However, this question was raised at argument. In any event, we can see no unlawful delegation of legislative authority. In Locke's Appeal, 72 Pa. 491, 498 (1873), it is said:

. . . "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend."

This declaration has been consistently followed to the present time. The legislature has laid down the law

on prohibition in section 444, supra. It leaves to the board determination of facts to which the law applies. This certainly is not a violation of article II, sec. 1.

As was said by Judge Reno, in Edelbrew Brewing, Inc., v. Weiss, 170 Pa. Superior Ct., 34, 36, 37, sections of the code having a contexual relationship must be read together, and Pennsylvania has "plenary power respecting importation of intoxicating liquors". This is a consequence of the twenty-first amendment to the Constitution of the United States. Section 2 of this amendment reads:

"The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

In State Board v. Young's Market Co., 299 U. S. 59, 62, the court said:

"The words used are apt to confer upon the State the power to forbid all importations which do not comply with the conditions which it prescribes."

Hence, the imposition of a licensee fee on imports was held not to violate the commerce clause.

In Indianapolis Brewing Co. v. Liquor Control Commission, 305 U. S. 391, it was held that a Michigan statute, which prohibits its dealers from selling beer manufactured in a State which discriminates against Michigan beer, did not violate the commerce clause, the equal protection clause or the due process clause of the Federal Constitution. This opinion also held that it made no difference whether the statute is retaliatory or protective. Whatever its character, it is valid.

Again in Finch & Co. v. McKittrick, 305 U. S. 395, it was held that a Missouri statute making it unlawful to import alcoholic liquor from a State which discriminates against the importation of Missouri liquor

was valid. This case involved the commerce clause, the due process clause, the contract clause and the immunities clause. In this case, it was argued that the statute was an economic weapon. The statute was upheld notwithstanding.

In view of these cases, we do not see that we can do otherwise than sustain the constitutionality of the section of the code involved, or of the order of the board promulgated thereunder.

In passing, we note the case of Farm Bureau Mutual Automobile Insurance Co. v. Neel, 55 Dauph. 325, which counsel for plaintiffs have called to our attention. In that case, this court set aside a retaliatory order for the reasons therein given. A principal distinction between that case and this is the twenty-first amendment and the decisions thereunder.

### Conclusions of Law

1. Section 444 of the Liquor Code does not violate the Constitution of Pennsylvania nor the Constitution of the United States.

2. The prohibitory order of the board, with reference to importing beer from Ohio in containers less than 12 ounces, is not illegal, null and void, nor does it violate the due process clause of the Federal Constitution or of the Commonwealth of Pennsylvania, nor any other provisions of said Constitutions.

3. The relief prayed for should be refused and the complaint dismissed.

### Decree Nisi

And now, to wit, August 8, 1956, the prayer of the complaint is refused and the bill dismissed, unless exceptions hereto be filed within 20 days as required by law.

The prothonotary is directed to notify the parties or their counsel of this decree forthwith.