THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



April 28, 1965

Hon. Coke R. Stevenson, Jr.    Opinion No. C-427
Administrator
Texas Liquor Control Board    Re: Whether the provisions of
Austin, Texas                      the Texas Liquor Control
                                   Act, which require that a
                                   corporation be incorporated
                                   under the laws of the State
                                   of Texas in order to be
                                   eligible for a permit or
                                   license are constitutional
Dear Mr. Stevenson:                and related questions.

        In your request for an opinion of this office, you
ask the following questions concerning the following statutes:

        "Section 18 of Article I of the Texas
    Liquor Control Act (Article 666-18 of V.
    A.P.C.) provides in part as follows: '. . .
    No permit shall be issued to a corporation
    unless the same be incorporated under the
    laws of the State and unless at least fifty-
    one (51%) percent of the stock of the corpo-
    ration is owned at all times by citizens who
    have resided within the State for a period
    of three years and who possess the qualifi-
    cations required of other applicants for
    permits; . . .'

        "Subdivision (h) of subsection 2 of Sec-
    tion 5 of Article II of the Texas Liquor Con-
    trol Act (Article 667-5, 2, (h) of V.A.P.C.)
    provides in part as follows: '. . . The coun-
    ty judge shall refuse to approve the appli-
    cation for such license if he has reasonable
    grounds to believe and finds any of the follow-
    ing to be true: . . . 2. If a Distributor or
    Retailer: . . . (h). If a corporation, that
    the applicant is not incorporated under the
    laws of this state; or that at least fifty-
    one (51%) percent of the stock of such corpo-
    ration is not owned at all times by citizens

-2005-

who have resided within this state for a
period of three (3) years and who possess
the qualifications required of other appli-
cants for licenses; . . .'

"Question number one. Are these pro-
visions of law which require that a corpo-
ration be incorporated under the laws of
the State of Texas in order to be eligible
for a permit or a license constitutional?

"Question number two. Are these pro-
visions of law that require that fifty-one
percent of the stock of the corporation be
owned by persons who have been resident citi-
zens of the State of Texas for a period of
three years immediately preceeding the filing
of the application in order for the corpo-
ration to be eligible for a permit or a
license constitutional?

"Subsection (10) of Section 3-a of
Article I of the Texas Liquor Control Act
(Article 666-3a, (10) of V.A.P.C.) provides
that the term '"applicant" shall mean any
person who submits or files an original or
renewal application with the county judge,
or board or administrator for a license or
permit.'

"Subsection (6) of Section 3-a of
Article I of the Texas Liquor Control Act
(Article 666-3a, (6) of V.A.P.C.) provides
that the term '"person" shall mean and refer
to any natural person or association of nat-
ural persons, trustee, receiver, partnership,
corporation, organization, or the manager,
agent, servant, or employee of any of them.'

"Subsection 16 of Section 11 of Article
I of the Texas Liquor Control Act (Article
666-11, (16) of V.A.P.C.) provides in part
as follows: ' . . .When the word "applicant"
is used in (1) to (14) of this section, it
shall also mean and include each member of
a partnership or association and all officers
and the owner or owners of the majority of
the corporate stock of a corporation, as of
the date of the application, . . .'

"Subsection (11) of Section 11 of Article I of the Texas Liquor Control Act (Article 666-11, (11) of V.A.P.C.) provides in part as follows: 'The Board or Administrator may refuse to issue a permit . . . to any applicant . . . if it has reasonable grounds to believe and finds any of the following to be true: . . . (11). That the applicant is not a citizen of the United States or has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application, . . .'

"Section 18 of Article I of the Texas Liquor Control Act (Article 666-18 of V.A. P.C.) provides in part as follows: 'No person who has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application therefor shall be eligible to receive a permit under this Act. . .'

"Subdivision (e) of subsection 2 of Section 5 of Article II of the Texas Liquor Control Act (Article 667-5, 2 (e) of V.A.P. C.) provides in part as follows: '. . .The County Judge shall refuse to approve the application for such license if he has reasonable grounds to believe and finds any of the following to be true: . . . 2. If a Distributor or Retailer: . . . (e). That the applicant is not a citizen of the United States or has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of an application, . . .'

"Question number three. Are these provisions of law that require that the officers of a corporation be resident citizens of the State of Texas for three years immediately preceding the filing of the application in order for the corporation to be eligible to receive a permit or a license constitutional?

"Question number four. Are these provisions of law that require that a natural

person, or a partnership composed of natural persons, or an association of natural persons, be resident citizens of Texas for three years immediately preceding the filing of the application in order to be eligible to receive a permit or license constitutional?

"Subsection (28) of Section 12 of Article I of the Texas Liquor Control Act (Article 666-12, (28) of V.A.P.C.) provides as follows: '. . .Where the word "permittee" is used in this section it shall also mean and include each member of a partnership or association and each officer and the owner or owners of the majority of the corporate stock of a corporation, . . .'

"Subsection (23) of Section 12 of Article I of the Texas Liquor Control Act (Article 666-12, (23) of V.A.P.C.) provides in part as follows: 'The Board or Administrator may cancel . . . any permit . . . if it is found that any of the following is true: . . . (23). That the permittee is not a citizen of the United States or has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application; . . .'

"Question number 5. Is this provision of law that gives the Texas Liquor Control Board the authority to cancel a permit issued to a natural person, or partnership, or association, on the ground that the persons to whom the permit was issued were not resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application for the permit constitutional?

"Question number 6. Is this provision of law that gives the Texas Liquor Control Board the authority to cancel a permit issued to a corporation on the ground that the officers of the corporation were not resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application for the permit constitutional?

-2008-

"Question number 7. Is this provision
of law that gives the Texas Liquor Control
Board the authority to cancel a permit is-
sued to a corporation on the ground that the
owner or owners of the majority of the corpo-
rate stock of such corporation were not resi-
dent citizens of the State of Texas for a
period of three years immediately preceding
the filing of the application for such per-
mit constitutional?"

It was stated in your request that these questions
arose as a result of the decision in Miskell v. Termplan In-
corporated of Houston, 381 S.W.2d 129 (Tex.Civ.App. 1964,
error ref.), wherein that provision of the Texas Regulatory
Loan Act requiring that 51% of the stockholders in domestic
finance corporations be Texas residents was struck down as
being in violation of the Due Process and Equal Protection
Clauses of the State and Federal Constitutions. It may be
stated at the outset that we do not adopt that case as con-
trolling herein due to the language on page 133 of the opin-
ion:

". . . The discrimination cases in the
liquor field are of little help as they are
treated in a class to themselves. This is
especially so since the adoption of the 21st
amendment to the Federal Constitution."

With regard to Question No. 1, it was held in Rail-
way Express Agency v. Virginia, 282 U.S. 440 (1931) that a
state constitutional provision which requires a foreign public
service corporation to become incorporated under the laws of
the state as a condition of obtaining authority to carry on
intrastate business therein does not violate the Fourteenth
Amendment to the Federal Constitution. In an annotation to
that case in 72 A.L.R. 105, it was stated:

". . .The present annotation is limited
to the question of whether or not a state may
require a foreign corporation, as a condition
upon its right to do business within the state,
to become domesticated or incorporated under
its laws.

"The real question raised by the subject
of this annotation is the power of a state to
exclude foreign corporations; for the require-
ment of domestication or local incorporation

is in effect the exclusion of the corporation so long as it retains its foreign status. Hence, the recognized power to exclude foreign corporations would seem to imply power to require domestication or incorporation in the state. . . ."

It is stated in 16A C.J.S. 212, Sec. 471:

"Since a corporation is not a citizen within the meaning either of the Constitution as originally adopted or of the Fourteenth Amendment, as discussed supra ß 456 it follows that a state may prohibit a foreign corporation from doing business within its boundaries, or may grant such privilege on such conditions as it deems best, without violating such constitutional provisions or similar provisions in a state constitution, . . ."

Finally, in Waters-Pierce Oil Co. v. Texas, 177 U.S. 28, the United States Supreme Court in affirming the Austin Court of Civil Appeals decision (error ref.), held that the right of a foreign corporation to engage in business within a state other than that of its creation depends solely upon the will of such other state, except with respect to business of a Federal nature.

Based on this authority we answer Question No. 1 in the affirmative.

It appears that the ultimate issue in all of the above questions is whether the statutory discrimination in each case is reasonably related to the overall objective of the act in which it is found; or, whether the legislative classification is, in fact, arbitrary. San Antonio Retail Grocers, Inc. v. Lafferty, 156 Tex. 574, 297 S.W.2d 813 (1957). The overall purpose of the Liquor Control Act is stated in Section 2 of Article 666, Vernon's Penal Code:

"This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

In DeGrazier v. Stephens, 191 Tex. 194, 105 S.W. 992 (1907), the Court upheld a statutory requirement that an applicant for a retail liquor license be a citizen of the State and a resident of the county wherein the license is issued. The Court said that the requirement did not contravene the Privileges and Immunities, Equal Protection, and/or Due Process Clauses, but was calculated to aid in regulating the liquor traffic by rendering the licensee subject to process where suit is brought on his bond and by facilitating the determination of his other qualifications to exercise his license.

In Texas Liquor Control Board v. Continental Distilling Sales Company, 203 S.W.2d 288 (Tex.Civ.App. 1947, error ref.), Article 666, Section 15½, Vernon's Penal Code, was attacked as violative of the Due Process and Equal Protection Clauses. This section provides that it shall be unlawful for any one holding a non-resident seller's permit to hold or have any interest in any permit authorizing the importation of liquor into the State for resale. In upholding the constitutionality of the statute, the Court states:

> ". . .The right of the State to discriminate under the 21st Amendment of the Federal Constitution carries with it all power necessary to carry out its will. It matters not whether the discrimination is reasonable or unreasonable, if there is discrimination between wholesalers or importers as to cause any to cease doing business in the State, such is only that which is necessary to effectuate the State's regulation of the liquor traffic in the interest of public welfare. The discrimination, if present, which we think does not exist, such is only incidental to the main purpose of the Act, i.e., maintaining various levels of the liquor industry within this State. The policy of the State, as reflected in the statute, art. 666, Penal Code, is clearly appropriate for effectually eliminating the evils incident to the combination of affiliated companies in such business. . . The State, under the 21st Amendment, has the express power reserved to it to regulate as it sees fit with regard to commerce in intoxicating liquors, and such right carries with it all power necessarily incidental to effectuating the main purpose

of the Act. State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 78, 79, 81 L.Ed 38; Mahoney v. Joseph Triner Corp., 304 U.S. 401, 58 S. Ct. 952, 82 L.Ed. 1424; Indianapolis Brewing Co. v. Liquor Control Commission, 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243; Ziffrin, Inc. v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 167, 84 L.Ed. 128; Clark Distilling Co. v. Western Maryland R.R. Co., 224 U.S. 311, 37 S.Ct. 180; Missouri, Kansas & Texas R. Co. of Texas v. May, 194 U.S. 267, 24 S.Ct. 638, 48 L.Ed. 971."

The federal decisions have also upheld the State police power under the 21st Amendment as not being in contravention of the Due Process, Equal Protection or Commerce Clauses. The United States Supreme Court stated in Ziffrin v. Reeves, 308 U.S. 132 (1939):

"The Twenty-First Amendment sanctions the right of a State to legislate concerning intoxicating liquors brought from without, unfettered by the Commerce Clause. Without doubt a State may absolutely prohibit the manufacture of intoxicants, their transportation, sale, or possession, irrespective of when or where produced or obtained, or the use to which they are to be put. Further, she may adopt measures reasonably appropriate to effectuate these inhibitions and exercise full police authority in respect of them. Clark Distilling Co. v. Western Maryland Ry. Co., 242 U.S. 311, 320; Crane v. Campbell, 245 U.S. 304, 307; Seaboard Air Line Ry. v. North Carolina, 245 U.S. 298, 304; Samuels v. McCurdy, 267 U.S. 188, 197-198.

"Having power absolutely to prohibit manufacture, sale, transportation, or possession of intoxicants, was it permissible for Kentucky to permit these things only under definitely prescribed conditions? Former opinions here make an affirmative answer imperative. The greater power includes the less. Seaboard Air Line Ry. v. North Carolina, supra. The State may protect her people against evil incident to

intoxicants, Mugler v. Kansas, 123 U.S. 623; Kidd v. Pearson, 128 U.S. 1; and may exercise large discretion as to means employed."

To provide that an applicant for a liquor permit or license be a Texas resident for three years preceding his application is a reasonable requisite to facilitate the liquor authorities in determining the qualifications of a permittee or licensee. Some of these qualifications are that the applicant has not been convicted of a felony within the two years preceding his application, that the applicant is of good moral character, that his reputation for being a peaceable, law-abiding citizen in the community wherein he resides is good, that the applicant is not in the habit of using alcoholic beverages to excess, and others. There can be no doubt that these qualifications are germane to the overall purpose of the Liquor Control Act for the protection of the welfare of the people; and likewise it does not appear unreasonable to require that an applicant be a Texas resident for three years as a necessary means in determining these qualifications. Nor, should the overall purpose of the Liquor Control Act and welfare of the people be impaired where the licensee or permittee is a corporation. The officers and majority of the stockholders must necessarily meet the same standards as an individual, as they are, in effect, the licensees and permittees.

In light of the foregoing authorities and language, therefore, we answer Questions No's. 2, 3 and 4 in the affirmative.

Questions No's. 5, 6 and 7 deal with the same requisites as 4, 3 and 2, respectively, the only difference being that the latter are concerned with qualifications for an original application for a permit or license and the former relate to grounds for cancellation where a license or permit has already been granted. For the same reasons, then, we answer Questions No's. 5, 6 and 7 in the affirmative.

## SUMMARY

The provisions of law which require that a corporation be incorporated under the laws of the State of Texas in order to be eligible for a permit or a license are constitutional.

The provisions of law that require that fifty-one percent of the stock of the corporation be owned by persons who have been resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application in order for the corporation to be eligible for a permit or a license are constitutional.

The provisions of law that require that the officers of a corporation be resident citizens of the State of Texas for three years immediately preceding the filing of the application in order for the corporation to be eligible to receive a permit or a license are constitutional.

The provisions of law that require that a natural person, or a partnership composed of natural persons, or an association of natural persons, be resident citizens of Texas for three years immediately preceding the filing of the application in order to be eligible to receive a permit or license are constitutional.

The provision of law that gives the Texas Liquor Control Board the authority to cancel a permit issued to a natural person, or partnership, or association, on the ground that the persons to whom the permit was issued were not resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application for the permit is constitutional.

The provision of law that gives the Texas Liquor Control Board the authority to cancel a permit issued to a corporation on the ground that the officers of the corporation were not resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application for the permit is constitutional.

The provision of law that gives the Texas Liquor Control Board the authority to cancel a permit issued to a corporation on the ground that the owner or owners of the majority of the corporate stock of such corporation were not resident citizens of the State of Texas for a period of three years immediately preceding the filing of the application for such permit is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: BRADY S. COLEMAN
Assistant Attorney General

BSC/lh/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Norris
Milton Richardson
Grady Chandler
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone