ALCOHOLIC BEVERAGE CONTROL ACT — OKLAHOMA CORPORATION CANNOT BE LICENSED AS NON-RESIDENT SELLER An Oklahoma corporation doing the same type business as a non resident seller as defined by 37 O.S. 524 [37-524] (1961), cannot be licensed as a non-resident seller. The Attorney General has had under consideration your request for an interpretation and construction of certain statutory licensing requirements contained in the Oklahoma Alcoholic Beverage Control 115 Act (Title 37 O.S. 501 [37-501] (1961) et seq.). You ask, in effect, the following question: "Whether an Oklahoma corporation doing the same type business as a non-resident seller, as defined by Title 37 O.S. 524 [37-524] (1961), may obtain a non-resident seller's license?" In answering your question we note at the outset that in adopting Article XXVII as an amendment to the Oklahoma Constitution in 1959 the people of the State repealed previous constitutional provisions in force since statehood that strictly prohibited the "manufacture, sale, barter, giving away, or otherwise furnishing" of intoxicating liquors. We particularly note that Section 3 of said Article XXVII, Section 3 provides that: "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage, consistent with the provisions of this Amendment. . ." (Emphasis supplied) Pursuant to the above constitutional authority the Legislature has enacted the Oklahoma Alcoholic Beverage Control Act, which with its presently effective amendments is now codified in Title 37 of Oklahoma Statutes 1961 and Oklahoma Statutes Supplement 1969. We note that 37 O.S. 505 [37-505] (1961), provides: "No person shall manufacture, rectify, sell, possess, store, import into or export from this State, transport, or deliver any alcoholic beverage except as specifically provided in this Act." It is apparent from the foregoing constitutional and statutory provisions that the people of the State and the Legislature clearly intend that control of alcoholic beverages shall be strict and that no trade in such beverages is to be conducted unless specifically authorized. It is with this intention of strict control in mind that we proceed to answer your question. Title 37 O.S. 524 [37-524](a) (1961) provides: "A nonresident seller's license shall be required of all out-of-state distillers, winemakers, brewers, importers, brokers and others who sell alcoholic beverages to wholesalers and Class B wholesalers in Oklahoma regardless of whether such sales are consummated within or without the State of Oklahoma." (Emphasis supplied) Section 37 O.S. 524 [37-524](a) indicates that a non-resident seller's license is required of non-resident distillers and other non-residents who sell to Oklahoma wholesalers. Nowhere in Section 524 is there any indication that such a license may be held by a resident person or corporation. Therefore, it appears that the Legislature intended to limit the holders of non-resident sellers' licenses to non-resident distillers and other nonresidents who sell to Oklahoma wholesalers. Query is made as to whether such a construction would violate the "Equal Protection Clause" contained in the United States Constitution. We would direct your attention to the Twenty-first Amendment to the United States Constitution which confers exclusive jurisdiction upon the State of Oklahoma to regulate all liquor business carried on in Oklahoma. Section 2 of this Amendment, which became effective December, 1933 provides: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." The provisions of this Amendment have been construed to give the States unfettered power to regulate intoxicating liquors within their jurisdictional boundaries. Cases of the United States Supreme Court have expressly held the States power not to be limited either by the Commerce Clause or the Equal Protection Clause. See State Board v. Youngs Market Co., 299 U.S. 5981 L.Ed. 38, 57 S.Ct. 77; Joseph S. Finch Co. v. McKittrick,305 U.S. 395, 83 L.Ed. 246, 59 S.Ct. 256; and Indianapolis Brewing Co. v. Liquor Control Comm'n., 305 U.S. 391,83 L.Ed. 243, 59 S.Ct. 254. Next you indicate that a construction which would require a domestic corporation to pay a higher license fee than that placed upon foreign corporations performing similar acts within this State would be violative of Article IX, Section 44 of the State Constitution. Article IX, Section 44, Article IX, of the State Constitution provides: "No foreign corporation shall be authorized to carry on in this state any business which a domestic corporation is prohibited from doing, or be relieved from compliance with any of the requirements made of a similar domestic corporation by the Constitution or laws of the state. Nothing in this Article, however, shall restrict or limit the power of the Legislature to impose conditions under which foreign corporations may be licensed, to do business in this state." An analogous question was answered by the Oklahoma Supreme Court in Wood Co. v. Russel, 102 Okl. 92, 226 P. 1040. The question considered in Wood, supra, was whether a higher license tax could be extracted from domestic corporations than was extracted from foreign corporations, similarly situated. Holding that a higher license tax could be extracted from domestic corporations, the Court stated: "It is well settled that the state has authority to impose terms on which corporations may exercise there corporate faculty in this state.(citations omitted) * * * "The license tax, under consideration, is a condition imposed upon corporations to exercise their corporate faculty in this state and Section 44, Art. 9, of the Constitution has no application thereto, but only applies to laws affecting the carrying on of the business after they have complied with the terms imposed by statute on which they may exercise the corporate faculty. The constitutional provision under consideration, is an inhibition against the grant of powers and privileges to foreign corporations doing business in the state, which are not granted to similar domestic corporations doing business in the state, but not an inhibition against the imposition of conditions under which foreign corporations may be licensed to do business in the state. This section of the Constitution, by express terms, authorizes the Legislature to impose conditions on which foreign corporations may be licensed to do business in the state. The Legislature has the same power to impose terms on domestic corporations seeking to do business in the state. The fact that the condition imposed upon domestic corporations and foreign corporations are not the same does not render the statute invalid." (Emphasis supplied) The holding in Wood, supra, leads us to conclude that a construction placed upon the questioned Statute which imposed a higher license tax upon a domestic corporation than that imposed upon a foreign corporation, similarly situated, would not violate the provisions of Article IX, Section 44 of the Oklahoma Constitution. For the above stated reasons, it is the opinion of the Attorney General that an Oklahoma Corporation doing the same type business as a non-resident seller, as defined by Title 37 O.S. 524 [37-524] (1961), cannot be licensed as a non-resident seller. (Jeff L. Hartmann) ** SEE: OPINION NO. 77-260 (1977) **