The Attorney General has received your request for an Opinion on the following questions: "1. Is the amendment to the Bank Commissioner's term of office in 6 O.S. 201 [6-201] contained in Senate Bill 556 constitutional? "2. If the amendment is not constitutional, how is the rest of Senate Bill 556 affected?" Your questions refer to the enactment of Senate Bill 556 ("SB 556"), Thirty-Seventh Oklahoma Legislature, First Extraordinary Session (1980), Laws 1980, c. 360, 1 et seq., amending certain sections of the Oklahoma Banking Code of 1965, 6 O.S. 101 [6-101] et seq. (1971), as amended ("Banking Code"). Among the provisions of SB 556 is an amendment to the term of office of the Bank Commissioner: " * * * His term of office shall be two (2) years, expiring in even-numbered years, and until his successor qualifies. * * * *" Section 2, SB 556, amending 6 O.S. 201 [6-201]. The Oklahoma Constitution, in Article XIV, Section 1, authorizes the formation of the Banking Department by general law but specifically prescribes the Bank Commissioner's method of appointment and a term of office of four (4) years. Here the conflict between the constitutional and statutory expressions is plain and there is no justification for resort to extrinsic aids to arrive at a different meaning. Hines v. Winters, Okl.,320 P.2d 1114 (1958). The term of office for the Bank Commissioner is and shall remain, absent constitutional amendment, four (4) years. Such a determination, however, does not require the invalidation of remaining portions of SB 556. The unconstitutionality of a segment of a legislative enactment does not necessarily render the remainder of the enactment void. Sterling Refining Co. v. Walker, 165 Okl. 45, 25 P.2d 312 (1933); Wood Co. v. Russell, 102 Okl. 92, 226 P. 1040 (1924). The test consists of the ability of the offending portion to be severed and an ascertainment of an intent of the Legislature to adopt the remainder without the invalid portion. Comanche Light Power Co. v. Nix, 53 Okl. 220,156 P. 293 (1916). Notwithstanding that SB 556 contains no severability clause, the language of 2 is clearly severable without violence to the remaining provisions. The scope of SB 556 manifests a legislative purpose or intent to perfect amendments to the Banking Code quite apart from the amendment effecting a change in the Bank Commissioner's term. The provisions of SB 556 inter alia involve the mode and manner of conducting charter application hearings and other matters relating to the operation of banks and banking in Oklahoma. The excision of the language purportedly changing the length of the Commissioner's term from four (4) to two (2) years does not require a conclusion that the Legislature would not have adopted the myriad changes to the Banking Code but for its presence. It is, therefore, the official opinion of the Attorney General that: (1) The portion of Senate Bill 556, Thirty-Seventh Legislature, First Extraordinary Session (1980), amending the term of the Bank Commissioner from four (4) to two (2) years is invalid by reason of conflict with the provisions of Article XIV, Section 1 of the Oklahoma Constitution; (2) The segment of Senate Bill 556 relating to the term of office of the Bank Commissioner is severable from the whole of the legislation and does not invalidate the remainder of the enactment. (MANVILLE T. BUFORD) (ksg)