**Mary K. KRAUSS, Plaintiff,**

v.

**SACRAMENTO INN, a California corporation, El Dorado Inn, a California corporation, Carl Greer Inn, a California corporation, Caravan Inn, a California corporation, State of California, Department of Alcoholic Beverage Control, Edward J. Kirby, Director of the Alcoholic Beverage Control of the State of California, Doe I through Doe XIV and Doe Company, Defendants.**

**Civ. No. S–1170.**

United States District Court, E. D. California.

June 15, 1970.

Kenneth B. Cayocca, Sacramento, Cal., for plaintiff.

Mitchell, Silberberg & Knupp, Los Angeles, Cal., Rubenstein & Hawkins, Thomas C. Lynch, Atty. Gen., for the State of California, San Francisco, Cal., McGregor, Bullen & McKone, Jones, Lamb, Jarboe & Boli, Sacramento, Cal., for defendants.

David W. Zugschwerdt, Equal Employment Opportunity Commission, Washington, D. C., amicus curiae.

### MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

Plaintiff brings this action for damages and an injunction to restrain enforcement of Section 25656 of the California Alcoholic Beverage Control Act (Cal. Business and Professions Code § 25656 (West 1969)). That section makes it a misdemeanor to employ a female bartender unless she is the owner or licensee of the premises or the wife of the owner or licensee. The section is alleged to be void as inconsistent with the 1964 Civil Rights Act's general prohibition of discrimination in employment on the basis of sex. See 42 U.S.C. A. § 2000e–2(a) (1) & (e) (1970). Defendants move to dismiss on grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The motions present two issues: (1) whether a three-judge court must hear this case under 28 U.S.C. § 2281, and (2) whether this state statute is a valid exercise of power granted to the states by the Twenty-first Amendment even though inconsistent with the 1964 Civil Rights Act.[1]

I conclude that this is not a proper case for a three-judge court under 28 U.S.C. § 2281. Plaintiff does not contend that the state statute in question is invalid under any specific constitutional provision such as the Fourteenth Amendment. Compare e. g., Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948). She claims only that the statute is inconsistent with an act of Congress. This case falls squarely within the holding of Swift &

---

1. I assume without deciding that there is a conflict.

Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), that suits to enjoin the enforcement of state laws solely on the ground that they conflict with or are pre-empted by federal statutes and thus violate the Supremacy Clause, are not within the purview of § 2281. Defendants seek to distinguish this case from *Swift* on the ground that the Twenty-first Amendment is involved in this case in addition to the Supremacy Clause.[2] This distinction cannot withstand analysis. Section 2281 requires a three-judge court for every case in which a state statute is sought to be enjoined "upon the ground of the unconstitutionality of such statute * * *" The plaintiff does not contend that the statute is unconstitutional under the Twenty-first Amendment, and she does not seek to enjoin it for any infirmity other than inconsistency with the federal statute. It is the defendants who seek to *uphold* the statute under the Twenty-first Amendment. Defendants seek in effect a declaratory judgment that the statute is a proper exercise of state power under the Amendment. A finding against the defendants on this issue will not automatically require the issuance of an injunction against the statute because such a finding will not mean that the statute is inconsistent with the Amendment, only that the statute is not specifically sanctioned by it. Actions for declaratory judgments that statutes are *un*constitutional are not proper three-judge court actions unless they also seek injunctive relief. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 152–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); Smith v. State Executive Committee of Democratic Party of Georgia, 288 F.Supp. 371, 374 (N.D.Ga. 1968); Brotherhood of Loc. Firemen & Enginemen v. Chicago, B. & Q. R. Co., 225 F.Supp. 11, 21 (D.D.C.1964), aff'd, 118 U.S.App.D.C. 100, 331 F.2d 1020 (1964), cert. denied, 377 U.S. 918, 84 S.

Ct. 1181, 12 L.Ed.2d 187. This claim in the nature of declaratory relief is to find the statute constitutional. The decision of this claim by one judge would be less contrary to the statutory purpose than the cases cited above. The three-judge court statutes were passed to prevent a single judge from paralyzing state regulatory schemes by injunctive order. Kennedy v. Mendoza-Martinez, *supra*, 372 U.S. at 154, 83 S.Ct. 554. The decision on the Twenty-first Amendment claim in this case will not by itself have any adverse effect on the statute. If I decide the statute is sanctioned by the Amendment, it will stand. If I decide the statute is not sanctioned by the Amendment, the statute will stand unless I also decide that it conflicts with a valid federal statute. Therefore, decision of this case by a single judge will not contravene either the language or the purpose of § 2281. I hold that while this case involves a question of constitutional law in addition to the Supremacy Clause, it does not come within the purview of § 2281, and it may be heard by one judge.

Plaintiff brought her action under the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(f) (1970). Plaintiff has alleged sufficient facts regarding her exhaustion of administrative remedies before the Equal Employment Opportunity Commission to bring her within the section, and the defendants do not contest the court's jurisdiction under the Civil Rights Act.

I turn now to the really difficult question in this case—the applicability of the Twenty-first Amendment. The question is precisely this: does this statute regulating employment of bartenders fall within the ambit of the Twenty-first Amendment thus immunizing the statute from federal interference. If it does, the complaint fails to state a claim, and the complaint must be dismissed. I have concluded that the

---

2. The pertinent part of the Twenty-first Amendment is section 2, which reads as follows: "The transportation or importation into any State, Territory, or

possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

state statute does fall within those exclusive powers granted to the states by the Amendment and that it cannot be invalidated by the 1964 Civil Rights Act.

Section 2 of the Twenty-first Amendment reads as follows:

> The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

This amendment fundamentally changed the constitutional relationship between state and national authority in the control of traffic in intoxicating liquor. United States v. Frankfort Distilleries, Inc., 324 U.S. 293, 300, 65 S.Ct. 661, 89 L.Ed. 951 (1945) (Justice Frankfurter concurring). Before passage of the Amendment the power of the states to control the liquor traffic was subordinated to the federal Commerce Clause. After its passage the interests protected by the Commerce Clause were subordinated to the power of the states to control traffic in liquor within their borders. United States v. Frankfort Distilleries, Inc., *supra* at 300, 65 S.Ct. 293 (*concurring opinion*). The dispute in this case is over the extent to which the Amendment grants the states control over the liquor industry within their borders. The statute in question seeks to regulate an incident of the retail sale of liquor; namely, the sex of the person mixing and selling it. The defendants assert that this regulation falls within the power granted to states by the Amendment. Plaintiff and the Equal Employment Opportunity Commission, as *amicus curiae*, insist that it is too far removed from the transportation and importation into the state to be covered by the Amendment.

█ While the language of the Amendment itself appears to support plaintiff's position, the Supreme Court has always recognized the power of a state under the Amendment to prohibit or regulate the distribution and sale of liquor within its borders.[3] In State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 57 S. Ct. 77, 81 L.Ed. 38 (1936), the first important case to arise under the Amendment, the Court construed it to "confer upon the state the power to forbid all importations which do not comply with the conditions it prescribes." 299 U.S. at 62, 57 S.Ct. at 78. The Court suggested in dictum that the state's regulatory power could extend to the retail sale, such as by exacting high license fees for the privilege of selling at retail. 299 U.S. at 63, 57 S.Ct. 77. In Ziffrin Inc. v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939), the Court upheld a long and comprehensive Kentucky statute designed to rigidly regulate the production and distribution of alcoholic beverages. Manufacture, transportation, sale and possession were permitted only under carefully prescribed conditions and subject to the state's constant control. Every phase of the traffic was declared illegal unless specifically allowed. The Court upheld the legislative scheme against a variety of constitutional challenges.

> The Twenty-first Amendment sanctions the right of a state to legislate concerning intoxicating liquors brought from without, unfettered by the Commerce Clause. Without doubt a state may absolutely prohibit the manufacture of intoxicants, their transportation, sale, or possession, irrespective of when or where produced or obtained, or the use to which they are to be put. Further, she may adopt measures reasonably appropriate to effectuate these inhibitions and exercise full police authority in respect of them [Citations].

> Having power absolutely to prohibit manufacture, sale, transportation, or possession of intoxicants, was it permissible for Kentucky to permit these things only under definitely pre-

---

3. *See generally* Note, The Evolving Scope of State Power under the Twenty-first Amendment: The 1964 Liquor Cases, 19 Rutgers Law Review 759 (1965).

scribed conditions? Former opinions here make an affirmative answer imperative. The greater power includes the less * * * The state may protect her people against evil incident to intoxicants, * * * and may exercise large discretion as to means employed. (308 U.S. at 138–139, 60 S.Ct. at 167)

The Equal Employment Opportunity Commission argues that a distinction must be made between a state's power to regulate importation, insulated by the Twenty-first Amendment from Commerce Clause restrictions, and the state's general police power to regulate the sale of intoxicants, which remains subject to Commerce Clause pre-emptions.[4] The Commission explains the language of the *Ziffrin* case as an intermingling of these two types of state power. However, this distinction has not been recognized in later Supreme Court cases. In Hostetter v. Idlewild Bon Voyage Liquor Corp., 377 U.S. 324, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964), Mr. Justice Stewart, speaking for the Court, endorsed a broad view of the state's power under the Twenty-first Amendment:

> Since the Twenty-first Amendment, the right of a state to prohibit or regulate the importation of intoxicating liquor is not limited by the commerce clause * * *.
>
> This view of the scope of the Twenty-first Amendment with respect to a *State's power to* restrict, *regulate,* or prevent the traffic and *distribution of intoxicants within its borders* has remained unquestioned. (377 U.S. at 330, 84 S.Ct. at 1297) [emphasis added]

*See also* 377 U.S. at 321, 84 S.Ct. 1293, n. 10; Department of Revenue v. James B. Beam Distilling Co., 377 U.S. 341, 346, 84 S.Ct. 1247, 12 L.Ed.2d 362 (1964); McDonald v. Brewer, 295 F. Supp. 1135, 1139 (N.D.Ala.1968). I

conclude from these cases that the Twenty-first Amendment gives the states a panoply of powers to regulate liquor to be consumed within their borders. They may completely prohibit liquor, they may regulate the size of glasses in which liquor may be sold, and they may do anything in between.

This does not mean that the Commerce Clause has been completely repealed in the area of intoxicating liquor. Hostetter v. Idlewild Bon Voyage Liquor Corp., *supra*, 377 U.S. at 331–334, 84 S.Ct. 1293. The Twenty-first Amendment does not go that far. A state may not rely on the Amendment to regulate liquor passing through its territory to a federal enclave. Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502 (1938). Nor may it have regulations which conflict with federal statutes regulating transportation of liquor through its territory to another state. *See* Carter v. Commonwealth of Virginia, 321 U.S. 131, 135, 64 S.Ct. 464, 88 L.Ed. 605 (1944). Nor may it disregard the Commerce Clause in interfering with the business of selling in bond liquor destined for foreign countries. Hostetter v. Idlewild Bon Voyage Liquor Corp., *supra*; Epstein v. Lordi, 261 F.Supp. 921 (D.N.J.1966). The Supreme Court has also recognized the possibility that a state attempt to regulate solely within its borders may have such effects outside her boundaries as to violate the Commerce Clause. *See* Joseph E. Seagram & Sons v. Hostetter, 384 U.S. 35, 42–43, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966); United States v. Frankfort Distilleries, Inc., 324 U.S. 293, 299, 65 S.Ct. 661 (1945). None of these cases in which the Commerce Clause imposes a limitation on state power involve state attempts to regulate consumption within the state. This important distinction was recognized in Joseph E. Seagram &

---

4. Plaintiff specifically disclaims reliance on any constitutional limitation upon the state except the Commerce Clause. I assume without deciding that 42 U.S.C.A.

§ 2000e–2(a) (1) (1970), is a valid exercise of Congress' power under the Commerce Clause. *See* 42 U.S.C.A. § 2000e (b) (1970).

Sons v. Hostetter, 384 U.S. 35, 42, 86 S. Ct. 1254, 1259 (1966):

> Unlike *Idlewild* [Hostetter v. Idlewild Liquor Corp., *supra*], the present case concerns liquor destined for use, distribution, or consumption in the State of New York. In that situation, the Twenty-first Amendment demands wide latitude for regulation by the State.

The statute in the instant case is directed solely toward the consumption of liquor within the state. I cannot see any interstate implications of the kind suggested in Joseph E. Seagram & Sons v. Hostetter, *supra*, 384 U.S. at 42–43, 86 S.Ct. 1254, 1259, and United States v. Frankfort Distilleries, *supra*, 324 U.S. at 299, 65 S.Ct. 661, that might bring the Commerce Clause into play. Thus, this case involves no Commerce Clause interest still recognized in the area of intoxicating liquor.

 It could be argued that this statute cannot be upheld under the Twenty-first Amendment because it has no reasonable relation to the regulation of the liquor traffic. In other words, since there is no rational nexus between prohibiting female bartenders and regulating the sale of liquor, the state may not prohibit female bartenders under the guise of exercising its Twenty-first Amendment rights. There are two answers to this. First, the Supreme Court has unequivocally declared that the courts may not inquire into the reasonableness of the state's liquor laws in deciding if they fall within the Amendment's protection.

> We are asked to limit the power conferred by the Amendment so that only those importations may be forbidden which, in the opinion of the Court, violate a reasonable regulation of the liquor traffic. To do so would * * * involve not a construction of the Amendment, but a rewriting of it. Mahoney v. Joseph Triner Corp., 304

U.S. 401, 404, 58 S.Ct. 952, 953, 82 L. Ed. 1424 (1938).

*See also* Carter v. Commonwealth of Virginia, 321 U.S. 131, 142–143, 64 S.Ct. 464 (1944) (Justice Frankfurter concurring). When asked to reject a New York statute regulating the price of alcoholic beverages as unreasonable, arbitrary and capricious, the Court responded this way:

> Under the system of government created by our Constitution, it is up to legislatures, not courts, to decide on the wisdom and utility of legislation. * * * The doctrine that due process authorized courts to hold laws unconstitutional when they believe the legislature has acted unwisely has long since been discarded. We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies who are elected to pass laws. Joseph E. Seagram & Sons v. Hostetter, 384 U.S. 35, 47, 86 S.Ct. 1254, 1262 (1966).

This rule although applied above in a Fourteenth Amendment attack on a liquor statute is, as *Mahoney, supra*, teaches, equally applicable to legislation considered in the context of the Twenty-first Amendment. The statute in question was duly passed as a part of the Alcoholic Beverage Control Act, and I may not substitute my own ideas as to what is a reasonable regulation of the distribution and sale of alcoholic beverages for those of the California legislature. Second, even if I were to reach the question of the reasonableness of the statute, the Supreme Court has already held that an almost identical Michigan statute did not make an unreasonable classification in violation of the Fourteenth Amendment. *See* Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948). There is no reason to suppose that a statute can be reasonable under the Fourteenth Amendment and yet unreasonable under the Twenty-first.[5]

---

5. The converse is not true. A statute may be reasonable under the Twenty-first Amendment and unreasonable under the Fourteenth. As I read *Mahoney*, even

I have shown that the Twenty-first Amendment grants the states almost plenary power to regulate the distribution and sale of liquor within their borders. I hold that this includes the power to pass such regulations as they deem appropriate with regard to the retail sale of liquor in bars —such as the sex of the person who may mix and sell the drinks. The Supreme Court has never directly decided whether a state's power under the Twenty-first Amendment extends to regulating retail sales. However, if a state may constitutionally decide that proper regulation of liquor traffic within its borders requires fixing the wholesale price of liquor,[6] then surely the state may also regulate the retail price of liquor. *See* United States v. Maryland State Licensed Bev. Ass'n, 138 F.Supp. 685 (D. Md.1956), rev'd on other grounds, 240 F.2d 420 (4th Cir.1957). If the state may regulate the retail price of liquor, then it may also regulate who sells it. The Supreme Court has endorsed precisely this conclusion in dictum in Goesaert v. Cleary, *supra*:

> Michigan could, beyond question, forbid all women from working behind a bar. This is so despite the vast changes in the social and legal position of women. The fact that women may now have achieved the virtues that men have long claimed as their prerogatives and now indulge in vices that men have long practiced, does not preclude the States from drawing a sharp line between the sexes, certainly in such matters as the regulation of the liquor traffic. See the Twenty-first Amendment and Carter v. Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L.Ed. 605. (335 U.S. at 465–466, 69 S.Ct. at 199)

Where the state's power under the Twenty-first Amendment attaches to liquor for distribution or use within the state, it operates to the exclusion of conflicting federal statutes under the Commerce Clause. Schenley Industries, Inc. v. N. J. Wine & Spirit Whole. Ass'n, 272 F.Supp. 872, 876 (D.N.J.1967). Just as such a state statute may render federal anti-trust laws passed under the Commerce Clause unenforceable,[7] so may it render sex anti-discrimination laws passed under the Commerce Clause unenforceable. Plaintiff bases her claim in this case solely upon the supremacy of a federal statute passed under the Commerce Clause. *Cf.* 42 U.S.C.A. § 2000e(b) (1970). I hold that because of the Twenty-first Amendment, the California Alcoholic Beverage Control Act's prohibition against certain female bartenders (Cal.Bus. & Prof.Code § 25656) renders the federal statute prohibiting discrimination in employment on the basis of sex (42 U.S.C.A. § 2000e–2(a) (1) (1970) unenforceable as applied to bartenders.

a state statute which discriminated on the basis of race could not be found to be outside the scope of the Twenty-first Amendment because it was not a reasonable way to regulate liquor. Yet it would clearly be unconstitutional under the Fourteenth Amendment. *See* Parks v. Allen, 409 F.2d 210 (5th Cir. 1969). A state statute whose subject matter comes within the state's power under the Twenty-first Amendment may irrationally discriminate and thus be invalid under the Fourteenth. *See* Goesaert v. v. Cleary, *supra*. But plaintiff does not contend that this statute violates the Fourteenth Amendment. Therefore I need not decide whether the holding of *Goesaert* has been undermined by developments since 1948; *e. g.*, the 1964 Civil Rights Act, or whether this statute sufficiently differs from that in *Goesaert* to require a different result. *See* McCrimmon v. Daley, 418 F.2d 366, 369–370 (7th Cir. 1969).

6. *See* Hostetter v. Idlewild Bon Voyage Liquor Corp., *supra*; Washington Brewers Institute v. United States, 137 F.2d 964 (9th Cir. 1943).

7. *See e. g.*, Washington Brewers Institute v. United States, 137 F.2d 964 (9th Cir. 1943).

This complaint, therefore, fails to state a claim upon which relief can be granted. The complaint is dismissed with leave to amend.[8]

It is so ordered.