THOMAS J. KARINS, Sr., PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF ATLANTIC CITY, IN THE COUNTY OF ATLANTIC AND STATE OF NEW JERSEY, RESPONDENTS.

Argued May 6, 1948—Decided July 15, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Powell & Parker* (*Robert W. Criscuolo*).

For the respondent, *Daniel J. Dowling* and *Chaim H. Sandler*.

For Atlantic City Hotel Association, *John Lloyd, Jr.,* amicus curiæ.

The opinion of the court was delivered by

BODINE, J. The question in this case is the constitutionality of chapter 71, *Pamph. L.* 1947, *R. S.* 40:48–8.15, *et seq.* The act authorizes any city of the fourth class to impose a sales tax limited to certain classes of transactions. Cities of the fourth class have been defined for many years as consisting of the "cities of this state binding upon the Atlantic Ocean and being seaside or summer resorts." *R. S.* 40:167–2.

The Atlantic City ordinance adopted to activate the statute broadly classifies all services relating to sales of tobacco and alcohol and rooms and entertainment and other services usually rendered at summer resorts and imposes a tax thereon.

An earlier act of the legislature, having some similarities, was declared unconstitutional in *Koons* v. *Atlantic City,* 134

N. J. L. 329; *affirmed,* 135 *Id.* 204. The basis of the decision in that case was that population was not a proper standard by which the legislature could differentiate between municipalities in permitting tax assessments.

The act before us does not rest upon population. It is applicable to all fourth class cities of which there are eleven. There could be perhaps no question about the validity of the act if it were applicable to all cities. The question, therefore, narrows itself as to whether the legislature can constitutionally distinguish between fourth class cities and other cities. We think it may.

The proofs show that the presence of summer visitors imposes an unusual burden upon municipal government since it must increase its facilities for police and fire protection. The beach front must at all hazards be saved and it must be cleaned and policed. Suitable provision must be made for bathing and the safety of bathers.

The statistics adduced, and made a part of the record, in this case indicate that the municipal expenses in cities binding upon the Atlantic Ocean are very different from comparable inland cities where the extraordinary expenses mentioned do not exist and where a normal business is carried on for a much longer period of the year.

The prosecutor of the writ argues that an enactment which does not embrace all of the class to which it is naturally related is unconstitutional. There is no doubt that such a proposition is true but it is inapplicable in the case before us, because the act does embrace all of the fourth class cities of the state, and, as pointed out, that classification has been in existence for a great many years and has always been regarded as sound.

It is secondly urged that seaside resorts do not furnish a proper basis for classification. If that were the only basis for classification we might agree with the prosecutor, but it is cities binding on the Atlantic Ocean and not seaside resorts alone which furnish the basis for the classification.

We do not think the reasoning in *Rose* v. *Winsor,* 48 *N. J. L.* 95; *Clark* v. *Cape May,* 50 *Id.* 558, and *State* v. *Somers Point,* 52 *Id.* 32, is applicable. Similarly, *Foley* v. *Hoboken,*

61 *Id.* 478, and *Lowthorp* v. *Trenton,* 61 *Id.* 484, relate to a very different classification.

The proofs in this case may not be overlooked and they indicate very clearly that the classification act, as applied by the legislature in the instant case, was not arbitrary or unreasonable.

The prosecutor of the writ is entitled to be here under *Koons* v. *Atlantic City, supra.*

We can only conclude that the act in question is constitutional and the writ will be dismissed, with costs.