HOFFMAN IMPORT & DISTRIBUTING COMPANY, APPEL-
LANT, v. DIRECTOR, DIVISION OF TAXATION, RESPON-
DENT.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1976—Decided January 12, 1977.

Before Judges LYNCH, MILMED and ANTELL.

*Mr. Nathan Beck* argued the cause for appellant (*Messrs. Davis, Roth & Beck,* attorneys).

*Mr. Michael E. Goldman,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

MILMED, J. A. D. Appellant Hoffman Import & Distributing Company (Hoffman) appeals from a judgment of the Division of Tax Appeals dismissing its appeal from an assessment made by the Director of the Division of Taxation under the Alcoholic Beverage Tax Law, *N. J. S. A.* 54:41–1 *et seq.* The matter had been submitted to the Division of Tax Appeals on a stipulation of facts and briefs.

The stipulation showed that warehouse premises of Hoffman, a wholesale wine and liquor dealer maintaining its premises in Carlstadt, were broken into by a "person or persons unknown" on or about December 4, 1972. The person or persons who broke in removed merchandise valued in excess of $50,000. Hoffman reported the incident to the Carlstadt Police Department and the Beverage Tax Bureau (Audit Section) of the Division of Taxation. On January 22, 1973 the Division of Taxation wrote to Hoffman acknowledging receipt of Hoffman's beverage tax report for November and December 1972 as well as Hoffman's letter of December 4 and the police report pertaining to the theft that day. Hoffman was also informed by that letter that the "theft" was taxable. It was also informed of the amount of the tax, as computed.

On February 7, 1973 the Director of the Division of Taxation made demand for payment of the tax assessed against the stolen goods, with penalty and interest, in the total amount of $10,313.99. A small part of the stolen merchandise was recovered by police authorities in Somerset County; and the items recovered, with the exception of two cases of

London Dry Gin which were retained for evidential purposes, were released to Hoffman by the Division of Alcoholic Beverage Control. The tax on the recovered merchandise was credited against the original assessment, leaving a balance due of $8,159.17 which Hoffman paid under protest.

In determining to dismiss Hoffman's appeal, thereby upholding the tax assessment on the stolen property, the judge of the Division of Tax Appeals before whom the matter came found: that "[t]he meaning and intent of the statute [the Alcoholic Beverage Tax Law] are clearly expressed"; that "the Legislature has determined that proper regulation and enforcement of the taxing statute requires that the word 'sale' [as defined in *N. J. S. A.* 54:41–2] shall include a theft"; and that "[t]he determination is not unreasonable when viewed in the light of the difficulties of the respondent [Director of the Division of Taxation] in determining whether liquor, allegedly stolen, has through fraud or artifice escaped taxation."

On this appeal Hoffman contends that the definition of "sale" contained in the Alcoholic Beverage Tax Law violates the due process and equal protection clauses of the State and Federal Constitutions; the statute, *N. J. S. A.* 54:41–2, in its definition of "Sale," should be declared unconstitutional; the transfer in this matter "is not a sale within the meaning of the statute," and "the Division of Taxation bears the burden of proof that the disposition of the subject goods was within the State of New Jersey and subject to taxation."

The pertinent provisions of the Alcoholic Beverage Tax Law read:

> There are hereby levied and imposed upon any sale of alcoholic beverages made within this State or upon any delivery of alcoholic beverages made within or into this State the following excise taxes: * * * [*N. J. S. A.* 54:43–1]
> "Sale" means and includes, in addition to its ordinary meaning, any exchange, gift, loss, theft, or other disposition. In every case where alcoholic beverages are exchanged. given, lost, stolen or otherwise disposed of, they shall be deemed to have been sold, un-

less, in case of loss by fire, proof is furnished to the satisfaction of the commissioner [director], that the alcoholic beverages have been so destroyed that they could not have been put to any use. [*N. J. S. A.* 54:41–2]

In *Motor Cargo, Inc. v. Division of Tax Appeals,* 10 *N. J.* 580 (1952), a licensed transporter who was the innocent victim of the theft of an interstate shipment of alcoholic beverages owned by another was held not liable to pay taxes upon the stolen goods under the Alcoholic Beverage Tax Law. A majority of the court reasoned, among other things, that to interpret the Alcoholic Beverage Tax Law as making the statutory definition of "sale"[1] applicable to such transporters

* * * who were the innocent victims of the thefts, who were not the owners of the goods and had no authority to transfer the property in them, and whose trailers, one still partly loaded, were recovered in the State of New York, would constitute such application of the statute a clear denial to appellants [the transporters] of the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution. * * * [at 586]

and that

Furthermore, the application of the legislative fiction upon the facts admitted here constitutes the taxes a material and onerous obstruction of the free flow of interstate commerce, in contravention of the commerce clause of the Federal Constitution. The commerce clause ordinarily operates to exempt from state taxes goods actually in transit in interstate commerce. * * * The interstate movement of the beverages in the instant cases did not cease when the sealed trailers were temporarily parked awaiting pick up. [at 587]

The factual situation before us on this appeal is quite different from that in *Motor Cargo.* Here the stolen goods were

---

[1]The definition in *N. J. S. A.* 54:41–2 that a "sale" includes a "theft" and that stolen alcoholic beverages "shall be deemed to have been sold." See also, *N. J. A. C.* 18:3–1.2, 18:3–7.9. A "theft" is also included in the definition of "Sale" in the Cigarette Tax Act. See *N. J. S. A.* 54:40A–2(n) ; *N. J. A. C.* 18:5–1.1, 18:5–2.1(7), 18:5–2.7(b).

not moving in interstate commerce. They were at rest in Hoffman's business (warehouse) premises in the Borough of Carlstadt in this State. Additionally, Hoffman, a wholesale wine and liquor dealer, had authority to sell the merchandise.

Some of the historical background of the enactment of the above-quoted statutory definition of "sale" is referred to by Justice Jacobs in his dissenting opinion in *Motor Cargo,* i. e.,

> One of the many troublesome problems which early confronted the [taxing] authorities resulted from claims, often suspect, that liquor which had admittedly been in the possession of licensees had disappeared through theft or otherwise and should not be taxed as though sold within *R. S.* 54:43-1; that section comprehensively imposes the alcoholic beverage tax on every sale within New Jersey. The Legislature in an amendment of *R. S.* 54:41-2 dealt with the matter in unmistakable language by providing that the word "sale" as used in the Alcoholic Beverage Tax Act shall, in addition to its ordinary meaning, include any theft or other disposition and that in every case where alcoholic beverages are "stolen or otherwise disposed of, they shall be deemed to have been sold." * * *
> * * * The wisdom of the State's refusal to undertake the burden of differentiating between real and simulated thefts and losses with its occasional resulting severity is, of course, a matter of legislative rather than judicial concern. [at 592-593]

We find no merit in Hoffman's attack upon the constitutionality of the statute. "[T]he legislative history of the provision that a 'sale' shall include a 'theft' and the stolen goods 'be deemed to have been sold' shows that the Legislature purposed the provision as a revenue measure and not as a regulatory measure." *Motor Cargo, Inc. v. Division of Tax Appeals, supra,* 10 *N. J.* at 588. We discern a clear legislative intent to place the full risk of loss by theft of the alcoholic beverages in this case upon the taxpayer and none upon the State, rendering the taxpayer liable for payment of the tax on the stolen goods. See *Daniels Tobacco Co., Inc. v. Norberg,* 114 *R. I.* 502, 506, 335 *A.* 2d 636, 638 (Sup. Ct. 1975). The provision complained of is an obvious aid in the collection of taxes, and its constitutionality is presumed. It is in its terms clear and definite. We find no showing that

it is unreasonable, arbitrary or capricious or that the end sought to be achieved is accomplished by methods inconsistent with due process. "The Legislature may, without at all infringing upon the due process clause, either terminate or severely regulate all liquor sales within the State." *Grand Union Co. v. Sills,* 43 *N. J.* 390, 404 (1964). The provision under attack here contains no irrational classifications or invidious discriminations. It is obviously designed to further proper legislative aims of insuring the collection of taxes and controlling the distribution of alcoholic beverages. It is a reasonable response to a perceived possibility of tax avoidance through simulated theft and is well within the taxing power of the Legislature. See *Calvert v. Zanes-Ewalt Warehouse, Inc.,* 502 *S. W.* 2d 689, 694 (Tex. Sup. Ct. 1973), appeal dismissed, 416 *U. S.* 923, 94 *S. Ct.* 1921, 40 *L. Ed.* 2d 279 (1974).

We accordingly find no substance in Hoffman's claim that the definition of "sale" contained in the Alcoholic Beverage Tax Law violates the Due Process and Equal Protection Clauses of the State and Federal Constitutions. See *Nebbia v. New York,* 291 *U. S.* 502, 525–528, 54 *S. Ct.* 505, 78 *L. Ed.* 940, 950–952 (1934) ; *State Bd. of Equalization v. Young's Market Co.,* 299 *U. S.* 59, 64, 57 *S. Ct.* 77, 81 *L. Ed.* 38, 41 (1936) ; *Mahoney v. Joseph Triner Corp.,* 304 *U. S.* 401, 404, 58 *S. Ct.* 952, 82 *L. Ed.* 1424, 1427 (1938) ; *State v. Krol,* 68 *N. J.* 236, 253 (1975) ; *California v. LaRue,* 409 *U. S.* 109, 114–115, 93 *S. Ct.* 390, 34 *L. Ed.* 2d 342, 349–350 (1972) ; *Affiliated Distillers Brands Corp. v. Sills,* 56 *N. J.* 251 (1970), mod. 60 *N. J.* 342 (1972) ; *Grand Union Co. v. Sills, supra,* 43 *N. J.* at 403–404; *Boller Beverages, Inc. v. Davis,* 38 *N. J.* 138, 150 (1962) ; *David v. Vesta Co.,* 45 *N. J.* 301, 310–315 (1965) ; *State v. Golia,* 235 *Ga.* 791, 222 *S. E.* 2d 27, 32–33 (Sup. Ct. 1976). See also, *Craig v. Boren,* —— *U. S.* ——, ——, 97 *S. Ct.* 451, 461–462, 50 *L. Ed.* 2d 397 (1976).

The remaining issues of law raised by the appellant are clearly without merit. *R.* 2 :11–3(e)(1)(E). See also, *Boller Beverages, Inc. v. Davis, supra,* 38 *N. J.* at 144–148. The judgment under review is affirmed.