RIMM, J. T. C.
This matter involves an attack on the constitutionality of the Alcoholic Beverage Wholesale Sales Tax Act, N.J.S.A. 54:32C-1 et. seq., and the Atlantic City luxury tax. It is before the court on the separate motions of each defendant to dismiss the complaint, and the cross-motion of plaintiffs for summary judgment.
Plaintiffs are, respectively, a nonprofit corporation comprised of 22 retail sellers of packaged alcoholic beverages in Atlantic and Cape May Counties, eight of which are in Atlantic City; a retail seller of packaged alcoholic beverages in Atlantic City, and the president of that retail seller.
On August 1, 1980 the Alcoholic Beverage Wholesale Sales Tax Act went into effect imposing a tax of 6.5% upon the receipts from every sale of alcoholic beverages, except draft beer sold by the barrel, by any wholesaler to any retail seller. The wholesaler is required to collect this tax from the retail seller when collecting the receipts to which it applies.
Defendant Atlantic City (hereafter “city”) imposes a 4% luxury tax on the receipts from sales of packaged alcoholic beverages by any retail seller in the city. The retail seller is required to collect this tax from the ultimate consumer when collecting the receipts to which it applies.
Prior to August 1, 1980 retail sellers of packaged alcoholic beverages in the city whose sales were subject to the luxury tax did not pay both the luxury tax and the State’s 5% sales tax imposed on the retail sales of packaged alcoholic beverages. Retail sellers in the city were required to pay the 4% luxury tax to the city and a 1% sales tax to the State on sales of packaged *471 alcoholic beverages for a total of 5%, equal to the sales tax imposed on the sale of packaged alcoholic beverages in the rest of the State.
The 6.5% wholesale sales tax replaced the 5% sales tax to the extent that the latter tax applied to the sale of alcoholic beverages. However, the Alcoholic Beverages Wholesale Sales Tax Act did not provide for an exemption for Atlantic City similar to the exemption in the Sales Tax Act. As a result, retail sellers in the city at the time of the institution of this action were required to pay a 4% luxury tax to the city and a 6.5% wholesale sales tax to the State through their wholesalers, or the equivalent of a 10.5% effective tax on the sale of their packaged alcoholic beverages at retail. Retail sellers in the rest of the State pay only the 6.5% wholesale sales tax.
Plaintiffs therefore allege that they have been discriminated against and been denied due process and the equal protection of the laws guaranteed to them under N.J. Const. (1947), Art. I, par. 5 and under U.S. Const., Amend. XIV.
The matter proceeded by order to show cause in which plaintiffs sought to restrain the collection of the taxes. The restraint was denied and plaintiffs were directed to comply with the provisions of the Alcoholic Beverage Wholesale Sales Tax Act and with the luxury tax ordinance by filing the required tax returns and remitting all taxes due. The matter was scheduled for trial on the underlying issue of constitutionality. The motions presently before the court followed.
Prior to oral argument on the motions plaintiffs advised the court that Assembly Bill 2022 had become law. L. 1980, c. 156, §§ 1, 2. The bill provided for the reduction in the wholesale sales tax on alcoholic beverages from 6.5% to 2.5% for Atlantic City until June 30, 1981, when the luxury tax imposed on the sale of packaged alcoholic beverages will expire. Plaintiffs persist with their claim because if the acts are unconstitutional retail sellers of packaged alcoholic beverages in the city will be entitled to a refund of taxes paid from August 1, 1980, the effective date of the Alcoholic Beverage Wholesale Sales Tax *472 Act, to December 1, 1980, the effective date of the reduction in that tax to 2.5% for Atlantic City.
Plaintiffs’ challenge to the constitutionality of the wholesale sales tax fails because of the unique nature of the alcoholic beverage industry and the broad power of the Legislature to regulate and control the industry. The Alcoholic Beverage Wholesale Sales Tax Act is one of a package of three acts designed to change the entire method of taxing the alcoholic beverage industry in New Jersey. The acts followed the Supreme Court’s ruling that the Director of the Division of Alcoholic Beverage Control had the power to deregulate prices but no power to establish an interim method for the collection of sales tax on alcoholic beverages. Heir v. Degnan, 82 N.J. 109, 411 A.2d 194 (1980); Sponsors’ Statement to Assembly Bill 1529, introduced April 17, 1980.
The alcoholic beverage industry is sui generis and is subject to exceptional legislation. It “is a subject by itself to the treatment of which all the analogies of law appropriate to other topics cannot be applied.” Paul v. Gloucester Cty., 50 N.J.L. 585, 595, 15 A. 272 (E. & A. 1888). The authority to regulate the industry is practically limitless. Boller Beverages, Inc. v. Davis, 38 N.J. 138, 183 A.2d 64 (1960). It has also been held that the Legislature may, “without at all infringing upon the due process clause, either terminate or severely regulate all liquor sales within the State.” Grand Union v. Sills, 43 N.J. 390, 398, 204 A.2d 853 (1964). Such power to regulate is supported by those decisions of the United States Supreme Court which hold that the classification permitted by the 21st Amendment cannot be deemed forbidden by the 14th Amendment. California v. LaRue, 409 U.S. 109, 114-115, 93 S.Ct. 390, 395, 34 L.Ed.2d 342, 349-350 (1972); Mahoney v. Joseph Triner Corp., 304 U.S. 401, 404, 58 S.Ct. 952, 953, 82 L.Ed. 1424, 1427 (1938); State Board of Equalization v. Young's Market, 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38 (1936). If the State may terminate or severely regulate all liquor sales, it may tax them. Legislative power over the alcoholic beverage industry includes the collection of reve *473 nues. In Ziffrin v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939), the court held that a state may impose restrictions upon the production and distribution of alcoholic beverages without offending due process and equal protection when the legislative provisions facilitate the collection of revenues. In Hoffman Imp. and Distributing Co. v. Taxation, Div. Director, 146 N.J.Super. 132, 369 A.2d 29 (App.Div.1977), certif. den. 75 N.J. 8, 379 A.2d 239 (1977), the court upheld the provisions of the Alcoholic Beverage Tax Law (N.J.S.A. 54:41-1 et seq.) which defined a sale of alcoholic beverages to include stolen liquor, and said:
The provision complained of is an obvious aid in the collection of taxes, and its constitutionality is presumed. It is in its terms clear and definite. We find no showing that it is unreasonable, arbitrary or capricious or that the end sought to be achieved is accomplished by methods inconsistent with due process .... The provision under attack here contains no irrational classifications or invidious discriminations. It is obviously designed to further proper legislative aims of insuring the collection of taxes and controlling the distribution of alcoholic beverages, [at 136-137, 369 A.2d 29]
Plaintiffs’ challenge to' the constitutionality of the luxury tax also fails by reason of Karins v. Atlantic City, 137 N.J.L. 349, 60 A.2d 246 (Sup.Ct.1948), which declared the enabling legislation, N.J.S.A. 40:48-8.15 et seq., to be constitutional.
Even though the two taxes are constitutional, plaintiffs decry the combined effect of the taxes on them. They claim that the continued existence of the luxury tax constitutes an unreasonable and improper classification resulting in discrimination against them and the imposition of double taxation on them. Plaintiffs’ argument on classification is without merit. In WHYY, Inc. v. Glassboro, 50 N.J. 6, 13, 231 A.2d 608 (1967), rev’d per curiam 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed.2d 242, the court said:
The Legislature is given wide latitude in classifying for the purposes of taxation. That another classification might be superior or equal to the Legislature’s classification is not enough to show that a statute is unconstitutional. As long as the statute may be justified on any reasonable theory, the Legislature’s determination will be upheld.
This principle of law was cited with approval in Vornado, Inc. v. Hyland, 77 N.J. 347, 352, 390 A.2d 606 (1978), in which the court *474 stated that the reversal by the United States Supreme Court of WHYY, Inc. v. Glassboro, supra, was not on any disagreement with the standard but on the court’s application of the standard. Plaintiffs’ contention of double taxation is also without merit. In Gritzmacher v. Taxation Div. Director, 2 N.J.Tax 489 (Tax Ct.1981), the court said:
Generally, double taxation of the same property in different forms, if it be in accordance with statute, is not invalid. Jersey City Light Co. v. Jersey City, 46 N.J.L. 194 (E. & A. 1884); Old Dominion C. M. & S. v. State Board of Taxes, 91 N.J.L. 173, 103 A. 79 [103 A. 79] (E. & A. 1918); N.J. Power & Light Co. v. Denville Tp., 80 N.J.Super. 435, 442, 194 A.2d 16 (App.Div.1963). In order to constitute double taxation in the objectionable or prohibitive sense, the same property must be taxed twice, both taxes must be imposed on the same property or subject matter, for the same purpose, by the same sovereign, during the same taxing period, and the taxes must be of the same kind or character. 84 C.J.S. Taxation, § 39 at 131-132. The most cursory examination of the taxes involved here impels the conclusion that there is no impermissible double taxation, [at 492, 493; footnote omitted]
The wholesale sales tax is imposed on the retail seller who purchases packaged alcoholic beverages from a wholesaler. The wholesaler collects the tax and pays it to the State. The luxury tax is imposed on the ultimate consumer who purchases packaged alcoholic beverages from a retail seller. The retail seller collects the tax and pays it to the city.
There are no infirmities in the imposition of a local tax on a particular item which is also subject to a state tax. This is implicit in the principle that the power to tax is vested in the Legislature and that such power may be delegated to municipalities. Moyant v. Paramus, 30 N.J. 528, 154 A.2d 9 (1959); Daniels v. Point Pleasant, 23 N.J. 357, 129 A.2d 265 (1957). The Legislature may choose to tax a particular item and also delegate the power to tax to local governments. In the taxation of motor fuels several states impose both a state tax and empower certain local governments to impose additional taxes: Alabama (Ala.Code § 40-17-30; Florida (Fla.Stat. § 210-02(1); Illinois S.H.A. c. 24, § 8-11-3; Missouri (Mo.Rev.Stat. § 149.011; New York (N.Y.Tax Law § 471); and Virginia (Va.Code § 58-757.-1:1). In New Jersey cigarettes and tobacco are subject to the tax imposed by N.J.S.A. 54:40A-1 et seq. and to the Atlantic City luxury tax.
*475 Plaintiffs argue, as an alternative to the constitutionality issue, that Assembly Bill 2022, L. 1980, c. 156, should be given retroactive effect by this court to effectuate the legislative purpose. In support of this argument plaintiffs cite N.J. Pharmaceutical Ass’n v. Furman, 33 N.J. 121, 162 A.2d 839 (1960), which holds that courts may freely refer to legislative history for whatever aid it may furnish in ascertaining the true intent of the Legislature. Plaintiffs point out that the statement affixed to Assembly Bill 2022 recites that the bill corrects the situation whereby the sale of packaged alcoholic beverages in Atlantic City is subject to a 10.5% tax rather than the 6.5% tax charged in the rest of the State. Plaintiffs, however, overlook that part of the Statement which deals with the amount of revenue anticipated to be lost by the State as a result of the amendment. This latter part of the Statement attached to the bill indicates that the Legislature considered the effective date of the act and purposely rejected an earlier effective date in order to minimize the loss of revenue.
Aside from the Statement attached to the bill indicating a legislative intention contrary to that urged by plaintiffs, statutes are not given retrospective application unless such an intention is manifested by the Legislature in clear terms. Skulski v. Nolan, 68 N.J. 179, 180, 202, 343 A.2d 721 (1975). In Kopczyuski v. Camden Cty., 2 N.J. 419, 66 A.2d 882 (1949), the court said:
A cardinal rule of the interpretation of statutes is that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature cannot otherwise be satisfied, [at 424]
Thus, the amendatory legislation in the instant case should not be applied retrospectively unless a contrary intention is expressed or unavoidably implied. In re Semel & Co., 285 F.Supp. 536 (D.N.J.1968); In re Smigelski, 30 N.J. 513, 154 A.2d 1 (1959).
When the Legislature employs the word “shall” in order to express its mandate, the word connotes prospective operation and cannot embrace events which have already occurred. Cassan v. Fern, 33 N.J.Super. 96, 100, 109 A.2d 482 (Law Div.1954). *476 The amendment states that “the tax imposed . . . shall be ...” and that “this act shall take effect on the first day of the first month following enactment.” (Emphasis supplied).
The court concludes that Assembly Bill 2022, L. 1980, c. 156, “not only literally bespeakfs] futurity, but also fail[s] to reveal any underlying intentions of retroactivity.” Hannan v. Employers Commercial Union Ins. Co., 117 N.J.Super. 485, 490, 285 A.2d 83 (Law Div.1971). The amendment is accorded prospective effect only.
The clerk of the Tax Court will enter a judgment dismissing the complaint.